## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JACKIE DEWAYNE OWENS, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:13-CV-299-MTT-MSH |
| | : | |
| GEORGIA DIAGNOSTIC AND | : | |
| CLASIFICATION PRISON, Officer | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| JOHN DOE, Officer COCHRAN, | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| NURSE CARTER, and Inmate JOHN | : | |
| DOE, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER & RECOMMENDATION

Plaintiff Jackie Owens, an inmate currently confined at the Georgia Diagnostic and Classification Prison ("GDCP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a).

Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motions to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of GDCP.

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the

district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court is still required to dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## ANALYSIS OF CLAIMS

In the present Complaint, Plaintiff Owens alleges that on July 16, 2013, while housed at Georgia Diagnostic and Classification Prison ("GDCP"), he was attacked by a fellow inmate who he names as "John Doe."  Plaintiff contends he was attacked by inmate "John Doe," a violent offender who was being housed in Plaintiff's non-violent dorm.  Plaintiff asserts that Defendant Officer Cochran observed the inmate pull him from his wheelchair and attack him and did nothing to stop it.  After Plaintiff alleges he was taken to the treatment room complaining of severe pain in his ankle, back, neck, and head, Defendant Nurse Carter refused to send him for x-rays and gave him only Tylenol. Plaintiff further contends that a "Lt. John Doe" witnessed the photos and videos of his face and ankle and had him write a statement about the incident.

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Officer Cochran and Nurse Carter, it is accordingly **ORDERED** that service be made on Defendants Cochran and Carter, and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

With regard to Plaintiff's claims against GDCP itself, Plaintiff cannot state a claim against the Prison under § 1983. The Eleventh Amendment bars such claims. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *United States v. Nordic Village, Inc*., 503 U.S. 30, 32 (1992); *Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr.1, 2009) ("[A] State Prison has no independent legal existence and, therefore, is not an entity that is subject to suit under § 1983."). The undersigned thus **RECOMMENDS** that Georgia Diagnostic and Classification Prison be **DISMISSED**.

As to the "John Doe" Defendants it is **RECOMMENDED**, that Plaintiff's claims against the two unidentified Defendants be **DISMISSED without prejudice**. Fictitious party pleading is not generally permitted in federal court. A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Plaintiff has not sufficiently identified "C.O. John Doe." In the event Plaintiff learns additional identifying information, he may file a

motion for leave to add these individuals as named defendants. Additionally, because he is not a state actor, Inmate John Doe should be dismissed as a defendant in this case as he unable to be sued under 42 U.S.C. § 1983.

As to Plaintiff's Motion to Appoint Counsel (ECF No. 3), that motion is **DENIED.** Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. The Court on its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it becomes apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights.

It is further **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (ECF No. 4) be **DENIED**. Plaintiff's submissions fail to show that this type of extraordinary relief is warranted. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887

F.1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").

At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits," which is of course a greater showing than that needed to survive a frivolity review.  Plaintiff's motion likewise fails to show that 'irreparable injury' will be suffered unless the injunction issues.  *Id.*  Indeed, it appears from the allegations in the Complaint that Plaintiff suffered a one-time attack by a fellow inmate and was denied treatment he thought he needed.  For these reasons and in light of the deference that the federal courts must afford state prison officials in their administration of their prisons, *see generally, Preiser v. Rodriquez*, 411 U.S. 475, 491 92 (1973), Plaintiff's motion should be denied.

Lastly, Plaintiff has filed a Motion to Clarify (ECF No. 7), wherein he asks the Court to strike a request he made in his Complaint to be banished from the State of Georgia upon his release from prison.  Plaintiff asked the Court to construe this as only "a wish never to be allowed back in the State of Georgia upon his release and nothing more."  It is hereby **ORDERED** that Plaintiff's motion be **GRANTED.**

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1)..

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be

8

required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments

from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 11th day of September, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE