IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JACKIE DEWAYNE OWENS, | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 5:13-cv-299-MTT-MSH |
| NURSE CARTER, et al., | : | |
| Defendants. | : | |

# ORDER

Presently pending before the Court are a number of miscellaneous motions filed by Plaintiff, including a motion to appoint counsel, motions to amend and clarify his complaint, and motions for various court orders. For the reasons the follow, Plaintiff's motions are DENIED.

First, the Court GRANTS Plaintiff's Motion to Withdraw document 12 (ECF No. 13). Therefore Plaintiff's Motion to Dismiss Complaint (ECF No. 12) is DISMISSED AS MOOT.

Next, Plaintiff has filed a Motion to Appoint Counsel. (ECF No. 33.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel

should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motion is DENIED.

On November 19, 2013, Plaintiff filed a Motion to Amend/Correct Complaint. (ECF No. 26.) Later, on January 3, 2014, Plaintiff filed a Motion to Clarify. (ECF No. 30.) Due to these motions and a supplement Plaintiff filed earlier in this case, the Court ordered Plaintiff to recast his complaint on May 29, 2014, and specifically notified him that his recast complaint will supersede his previously-filed amendments. (ECF No. 36.) Therefore, Plaintiff's currently pending motions are DISMISSED AS MOOT.

Finally, Plaintiff has filed two motions seeking orders from the Court. The first motion (ECF No. 32) seeks an order requiring the Medical College of Georgia, or "whoever has custody of the medical records" to produce a copy of his medical records pertaining to the relevant time period. At this time, the Court finds the request premature. The medical files at issue can be requested through the proper discovery process at the proper time. Plaintiff's motion is therefore DENIED.

The other motion (ECF No. 34) requests that the Court order service on Defendants Medical College of Georgia, Georgia Department of Corrections, Bruce Chapman, and all other unserved defendants. Under its Order dated May 29, 2014, the Court finds that it is premature to serve these Defendants before Plaintiff's Recast

Complaint is filed.  Once the Recast Complaint is filed with the Court, the Court will complete another preliminary review of the claims presented pursuant to 28 U.S.C. § 1915A(a).  If the court allows Plaintiff's claims to proceed, it will thereafter order service on the remaining defendants.  Plaintiff's Motion is therefore DENIED.

    IT IS SO ORDERED, this 4th day of June, 2014.

                                          /s/ Stephen Hyles
                                          UNITED STATES MAGISTRATE JUDGE