IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACKIE DEWAYNE OWENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:13-CV-299 (MTT) |
| BRUCE CHATMAN, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 40). After conducting a preliminary screening of the Plaintiff's recast complaint[1] pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends dismissing the Plaintiff's 42 U.S.C. § 1983 claims against prisoner officials in their official capacity; dismissing the Plaintiff's ADA, First Amendment, Fifth Amendment, and Fourteenth Amendment claims; and dismissing the Plaintiff's claims against Defendants Butts, Caldwell, Chatman, Jackson, John Doe #1, John Doe #2, Medical College of Georgia, Morton,[2] and Pitman. The Plaintiff has objected to the Recommendation. (Doc. 44). The Court has reviewed the Recommendation and the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

---

[1] The Plaintiff's complaint was previously screened, and some claims were allowed to proceed. (Docs. 8; 22). However, because the Plaintiff continued to file supplements and amendments to his complaint, he was ordered to recast the complaint and informed that the recast complaint would supersede his previous complaint and supplements. (Doc. 36).

[2] The Plaintiff does not object to Defendant Morton being dismissed. (Doc. 44 at 1).

The Plaintiff appears to object to both Defendant Jackson and Defendant Warden Bruce Chatman being dismissed because of the prison not having a policy of segregating "violent" inmates from disabled inmates. The Magistrate Judge recommends dismissing Jackson because the Plaintiff did not allege facts showing Jackson was deliberately indifferent and dismissing Warden Chatman because the Plaintiff did not allege any facts pertaining to him. The Plaintiff claims in his objection that both Defendants had some responsibility over housing assignments. However, the recast complaint alleges that "Slim," the gang member who attacked the Plaintiff, was moved to a different dorm when the Plaintiff told Jackson about Slim's threats. It was only after Defendant Cochran allegedly allowed Slim back into the Plaintiff's dorm that Slim attacked him. Thus, even drawing all reasonable inferences in the Plaintiff's favor, it does not appear housing assignment played a role in his injuries.

The Plaintiff also objects to Warden Chatman being dismissed because Warden Chatman allegedly failed to train his subordinates as to "inmate 'health' and 'safety.'" (Doc. 44 at 6). The recast complaint alleges a need for training because Defendant John Doe #2 did not verify that Slim was eligible for "diet snacks" before letting him out of his dorm and did not escort Slim when allowing him to exit his dorm. (Doc. 39 at 7). The Plaintiff also argues more training was needed because Defendant Cochran let Slim into the Plaintiff's dorm. The Plaintiff contends the need for more training was obvious because of the "ongoing history of violent assaults, beatings, robberies, and stabbings." (Doc. 44 at 11).

In order to hold a supervisory official liable based on failure to train subordinates, the failure to train must amount to "deliberate indifference to the rights of persons with

whom the subordinates come into contact" and must have actually caused the injury of which the plaintiff complains. *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994) (internal quotation marks omitted).

> [A] plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had "actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights," and that armed with that knowledge the supervisor chose to retain that training program.

*Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1052 (11th Cir. 2014) (second alteration added by Eleventh Circuit) (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011)).

    The Plaintiff has not alleged facts showing Warden Chatman was on actual or constructive notice of the need for more training. An allegation that there were repeated violent attacks does not show there was "[a] pattern of similar constitutional violations by untrained employees," which is ordinarily required to establish the requisite notice in a failure-to-train claim. *Id.* at 1053 (internal quotation marks omitted). The recast complaint alleges that the Warden mandated inmates be escorted and that John Doe #2 violated this policy. (Doc. 39 at 7). However, it does not allege that Warden Chatman was aware of widespread violations of this or any other prison policy such that further training would be required. Thus, the Court agrees Defendants Warden Chatman and Jackson are properly dismissed.

    The Plaintiff further objects to Defendant John Doe #1 being dismissed because he was deliberately indifferent to the Plaintiff's medical needs. The recast complaint does not appear to assert an Eighth Amendment claim against John Doe #1, and the allegations in the objection do not state an Eighth Amendment claim. The Plaintiff

claims John Doe #1 was deliberately indifferent by failing to send him to "outside medical" after Slim's attack. However, there are no allegations showing John Doe #1 was subjectively aware the Plaintiff required further medical treatment. *See Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (stating elements of Eighth Amendment deliberate indifference to serious medical needs claim). The Court agrees John Doe #1 is properly dismissed.

The Plaintiff also objects to the dismissal of his ADA claim based on his being placed in a cell with no handrail in the toilet area and falling from his wheelchair. The Plaintiff objects to this claim being dismissed pursuant to Fed. R. Civ. P. 20,[3] contending he fell because of the ankle injury from Slim's attack that was not properly treated. Even if the Plaintiff were correct that his ADA claim is part of the same transaction or occurrence as his other claims, his ADA claim is still properly dismissed because his recast complaint does not sue any public entity. *See Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) ("Only public entities are liable for violations of Title II of the ADA."); 42 U.S.C. § 12131(1) (defining "public entity"). Additionally, to the extent the Plaintiff is attempting to assert an Eighth Amendment claim based on denial of medical care for the resulting injuries, his allegations fail to state a claim. The recast complaint alleges his ankle was x-rayed after the fall and he was prescribed a "permanent boot" for his injuries, but there was a 10-month delay. (Doc. 39 at 10). However, he never alleges who was responsible for the delay or any facts suggesting the delay amounted to deliberate indifference to a serious medical need.

---

[3] Defendants may be joined in one action if "any right to relief … aris[es] out of the same transaction, occurrence, or series of transactions or occurrences; and … any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Finally, the Plaintiff objects to Defendant Pitman being dismissed. The Magistrate Judge recommends dismissal because the Plaintiff fails to assert an Eighth Amendment claim against Pitman. The recast complaint alleges that on October 4, 2013, Pitman intentionally closed the "A-Corridor" gate on the Plaintiff's wheelchair, cracking the wheels. Then on October 13, 2013, Pitman waited on the Plaintiff to get halfway through the gate and began opening and closing the gate on him. The Plaintiff alleges the gate bounced off his chair until he was caught in the gate, which caused him "suffering, mental anguish and physical injury." (Doc. 39 at 11). The Magistrate Judge found that the first incident did not state an Eighth Amendment claim because the Plaintiff did not allege he was injured, and the second incident did not state an Eighth Amendment claim because: (1) the Plaintiff did not follow Pitman's order to go to the back of the line, (2) there is no indication Pitman acted sadistically for the purpose of causing harm, and (3) the Plaintiff summarily alleges he was injured without providing specific facts.

The Supreme Court has made it clear that it is not the level of injury that determines whether a plaintiff has a meritorious excessive-use-of-force claim; it is the nature of the force used that controls. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "The 'core judicial inquiry' … [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Nevertheless, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the

conscience of mankind." *Id.* at 37-38 (internal quotation marks omitted).  Factors to consider in determining whether force was applied sadistically and maliciously for the very purpose of causing harm are:

> (1) [T]he extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Williams v. Scott*, 433 F. App'x 801, 804 (11th Cir. 2011) (internal quotation marks omitted).

The Court concludes that, at least as to the second incident, the Plaintiff has arguably stated an Eighth Amendment excessive force claim.  Though the Plaintiff alleges Pitman ordered him to the back of the line, he does not allege he failed to comply.  (Doc. 39 at 11).  The recast complaint can be fairly read to allege Pitman repeatedly closed a gate on the Plaintiff with no justification and caused some type of injury.  Nevertheless, the Court finds the claims against Pitman should be dismissed pursuant to Fed. R. Civ. P. 20 because the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as his claims based on Slim's attack.  The Plaintiff may bring his claims against Pitman in a separate lawsuit.[4]

The Court has reviewed the Recommendation and the Plaintiff's objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as modified by this Order.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  Accordingly, the Plaintiff's official capacity claims, ADA claim, First Amendment claims, Fifth Amendment claims,

---

[4] Though the Court has considered all of the Plaintiff's numerous objections, the rest of the objections do not warrant separate discussion.

Fourteenth Amendment claims, and claims against Defendants Butts, Caldwell, Chatman, Jackson, John Doe #1, John Doe #2, Medical College of Georgia, Morton, and Pitman are **DISMISSED without prejudice**.

    **SO ORDERED**, this 12th day of January, 2015.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT