IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACKIE DEWAYNE OWENS, | : |
| Plaintiff, | : |
| vs. | : CASE NO. 5:13-CV-299-MTT-MSH |
| NURSE CARTER, *et al.*, | : 42 U.S.C. § 1983 |
| Defendants. | : |

**ORDER**

Plaintiff Jackie Dewayne Owens, an inmate currently confined at the Coastal State Prison in Garden City, Georgia, filed a *pro se* civil rights action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131, *et seq*. Upon preliminary review, the Court dismissed all but a few of Plaintiff's claims, allowing only his Eighth Amendment claims against Defendants Carter, Cochran, and Fowlkes to proceed. (Order, Jan. 12, 2015, ECF No. 49.) Presently pending are the following motions filed by Plaintiff: a motion to appoint counsel (ECF No. 46); a "motion to transfer" (ECF No. 47); and a motion to identify defendants (ECF No. 48). For the reasons explained below, Plaintiff's motions are denied.

First, Plaintiff moves to appoint counsel. (ECF No. 46.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of

counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motion for appointment of counsel is denied.

Next, Plaintiff filed a "motion to transfer." (ECF No. 47.) Although the motion does not clearly state the relief that Plaintiff seeks, the Court construes the motion as requesting that the claims previously brought in the original complaint and subsequent amendments be incorporated into the Recast Complaint filed after the Court's Order dated May 29, 2014 (ECF No. 36). In that Order, the Court specifically notified Plaintiff that his recast complaint would "supersede and be substituted for his complaint and all prior-filed supplements." (*Id*.) Therefore, the Court will not allow Plaintiff to now amend his Recast Complaint to incorporate all of his prior-filed pleadings. Plaintiff's motion is denied.

Finally, Plaintiff filed a motion to identify defendants. (ECF No. 48.) The defendants that Plaintiff seeks to identify have been dismissed from the case, and therefore his motion is denied as moot.

SO ORDERED, this 13th day of January, 2015.

                                                  /s/ Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE