IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACKIE DEWAYNE OWENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-299 (MTT) ) |
| NURSE CARTER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER

Before the Court is the Plaintiff's motion for reconsideration of the Court's order adopting as modified the Recommendation of the Magistrate Judge and dismissing several of the Plaintiff's claims pursuant to 28 U.S.C. § 1915A. (Doc. 52). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff appears to request the Court to reconsider the dismissal of his ADA claim, Eighth Amendment claims arising out of his being transferred to a non-wheelchair-accessible cell, and First Amendment retaliation claim. However, he has not shown any newly discovered evidence, an intervening change in the law, or that the court made a clear error of law. Thus, his motion for reconsideration is **DENIED**.

The Plaintiff also moves for reconsideration of the Magistrate Judge's order denying his "Motion to Transfer." (Docs. 47; 50).[1] The Court construes this as an objection to the Magistrate Judge's order. A party may object to a magistrate judge's non-dispositive order within 14 days, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." *Jackson v. Deen*, 2013 WL 3991793, at *2 (S.D. Ga.) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala.)) (internal quotation marks omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." *Id.* (citation omitted).

The Plaintiff's motion requested that his "prior exhibits, affidavits, defendants, and constitutional claims prior to Plaintiff's re-casted complaint [be] included here-in, and made part here-of, as if fully set forth here-in." (Doc. 47). The Magistrate Judge interpreted this as a motion to incorporate the Plaintiff's prior pleadings into his recast complaint, which the Magistrate Judge denied because the order directing the Plaintiff

---

[1] The Magistrate Judge's order also ruled on two other motions filed by the Plaintiff, but the Plaintiff has not objected to those rulings.

to recast his complaint specifically informed him the recast complaint would supersede his original complaint and all supplements.  In his objection, the Plaintiff asks the Court to either incorporate only the exhibits and declarations filed with his prior pleadings or, alternatively, to return the documents from his original complaint.  The Court finds the Magistrate Judge's order is not clearly erroneous or contrary to law.  Thus, the Plaintiff's objection is **OVERRULED**.  Nevertheless, the Court is mindful of the fact that it will be difficult for the Plaintiff to refile any exhibits or declarations should they become relevant at a later time.  Thus, the Court **DIRECTS** the clerk to mail the Plaintiff a copy of the docket sheet.  If the Plaintiff later believes a specific exhibit or declaration is relevant, he can reference it and the Court will determine whether it should be considered.

    **SO ORDERED**, this 26th day of February, 2015.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT