**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JACKIE DEWAYNE OWENS, | : |
| Plaintiff, | : |
| vs. | : CASE NO. 5:13-CV-299-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| NURSE TRACEY CARTER, *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendant Nurse Tracey Carter's motion to dismiss Plaintiff's recast complaint (ECF No. 111). Plaintiff did not file a response to Defendant's motion, and the time in which to do so has expired. For the reasons explained below, it is recommended that Defendant's motion to dismiss be granted.

**BACKGROUND**

Plaintiff, who is wheelchair bound, was an inmate at the Georgia Diagnostic and Classification Prison. Plaintiff's Complaint arises from a July 16, 2013 attack on Plaintiff by another inmate, "Slim." Plaintiff was taken to the medical treatment room due to his complaints of severe pain in his foot, ankle, back, neck, and head. Recast Compl. 9 ¶ 19. However, Defendant Nurse Carter refused to treat Plaintiff and sent him back to his cell, insisting that he had to "fill out a sick call" before he would be examined. *Id.* Plaintiff wrote a statement about Slim's attack and told John Doe #1, the captain on duty, that he wanted to press charges. Plaintiff also asked the officers to pass out incident

reports in his dorm, but that request "was ignored." *Id.* at 8 ¶ 18. The next day, a correctional officer took Plaintiff back to the medical treatment room because he continued to complain of pain in his foot, ankle, and neck, but Carter again refused to treat him until he filled out a sick call form. On July 22, 2013, after filling out several sick call forms, Plaintiff received medical treatment. Reid Aff. Attach. D at 9, ECF No. 62-1. The physician's assistant ordered x-rays on Plaintiff's ankle and foot—revealing damage to the ankle mandating the use of a permanent boot—and administered a shot to help relieve his head, neck, and back pain. Recast Compl. 11.

On July 25, 2013, Plaintiff filed a grievance (Grievance No. 154071) alleging staff negligence resulting from the July 16 assault. Reid Aff. ¶ 22 & Attach. D at 1-4. The warden denied Plaintiff's grievance stating that "it appeared from his investigation that all involved prison personnel acted appropriately." Reid Aff. ¶ 22 & Attach. D at 13. Although the warden's response is dated August 29, 2013, Plaintiff did not sign the response until September 5, 2013. *Id.* That same day, Plaintiff completed and submitted his grievance appeal form. Reid Aff. ¶ 22 & Attach. D at 14-17. On October 7, 2013, the Central Office denied Plaintiff's appeal due to Plaintiff's "failure to follow appropriate grievance procedure."[1] Reid Aff. ¶ 22 & Attach. D at 18.

On August 13, 2013, Plaintiff filed a related grievance (Grievance No. 155339), alleging that medical was denying him proper medical treatment for the continuing pain

---

[1] The grievance process requires that inmates' complaints and "requested relief must be stated legibly and in writing in the space provided on the Grievance Form and on one additional page." Reid Aff. Attach. A at 7, ¶ D.1. However, Plaintiff's grievance form included three additional pages. Reid Aff. Attach. D at 14-17.

in his ankle caused by the July 16 assault.[2]  Reid Aff. ¶ 23 & Attach. E at 1.  On August 28, 2013, the warden also denied this grievance, stating that after investigation, it appeared that Plaintiff was receiving adequate medical care.  Reid Aff. ¶ 23 & Attach. E at 5.  On September 4, 2013—one day after Plaintiff received the warden's decision—Plaintiff completed and submitted his grievance appeal form.  Reid Aff. ¶ 23 & Attach. E at 6-8.  This appeal was denied by the Office of Health Services clinical staff on October 8, 2013.  Reid Aff. ¶ 23 & Attach. E at 9.

On August 20, 2013, prior to receiving the warden's response to either grievance, Plaintiff filed this Complaint.[3]  *See* Compl., ECF No. 1.  At the direction of the Court, Plaintiff filed his Recast Complaint (ECF No. 39) and after a preliminary review, only Plaintiff's Eighth Amendment claims against Defendants Cochran, Carter, and Fowlkes for failure to protect and failure to provide adequate medical care were allowed to proceed.  Order 8-14, Oct. 22, 2014, ECF No. 40.

On June 25, 2015, Defendants' Cochran and Fowlkes moved to dismiss the Recast Complaint, in part, for failure to exhaust prior to filing this action.  *See* Mot. to Dismiss, ECF No. 61; Br. in Supp. of Mot. to Dismiss 5-7, ECF No. 62.  That motion was granted on March 30, 2016.  Order, Mar. 30, 2016, ECF No. 108.  Defendant Tracey Carter also moved to dismiss the Recast Complaint, in part, for failure to exhaust on August 5, 2015.  *See* Mot. to Dismiss & Br. in Supp, ECF No. 111 and 111-1.

---

[2] Specifically, Plaintiff requested that he be referred to an outside specialist given the severe and continuous nature of the pain and his preexisting medical condition. Reid Aff. ¶ 23 & Attach. E.
[3] The Court notes that the Complaint was filed on August 20, 2013, but was signed on August 14, 2013.  For purposes of the exhaustion analysis in this case, the difference in the date of filing under the mailbox rule is irrelevant.

## DISCUSSION

**I.     Defendant Carter's Motion to Dismiss Plaintiff's Recast Complaint**

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true."  *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings

4

in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendant moves to dismiss for lack of exhaustion claiming that the Georgia Diagnostic and Classification Prison (GDCP) has a grievance procedure which allows inmates to filed grievances against the medical personnel at the prison, but that Plaintiff filed this lawsuit prior to receiving the Warden's decision on the relevant grievances—thus Plaintiff failed to exhaust the grievance procedure before filing this lawsuit. Def.'s Br. in Supp. of Mot. to Dismiss 6, ECF No. 111-1. Plaintiff failed to respond to the motion to dismiss and does not contest the factual allegations contained therein. Since the parties' versions of the facts do not conflict, the Court analyzes this case at the first step of the exhaustion analysis. *Turner*, 541 F.3d at 1082.

Defendants provided the GDCP's Standard Operating Procedures regarding grievances. Reid Aff. Attach. A, ECF No. 62-1. The GDCP grievance procedure consists of two steps: (1) the Original Grievance and (2) the Central Office Appeal. Reid Aff. Attach. A, § VI.C. An inmate must submit the Original Grievance no later than ten (10) calendar days from the date the inmate knew, or should have known, of the facts giving rise to the grievance. *Id.* at § VI.D.4. The Warden can either reject or accept the grievance. Reid Aff. 5, ECF No. 62-1. A grievance can be rejected if it raises a non-grievable issue, is untimely, includes threats, profanity, insults, or racial slurs that are not a part of the complaint, or if the offender already has two active grievances. *Id.* If a grievance is accepted, it is processed and investigated. *Id.* The Warden has forty (40) calendar days from the date the inmate gave his Grievance Form to the Counselor to

5

deliver the decision to the inmate. *Id.* at 6. An inmate has seven (7) calendar days from the date he receives the Warden's response to the Original Grievance to file a central Office Appeal. *Id.* The Central Office has 100 calendar days from receipt of the appeal to deliver a decision to the offender. *Id.*

Plaintiff filed two grievances (No. 154071 on July 25, 2013 and No. 155339 on August 6, 2013) concerning the underlying events related to the present lawsuit. Br. in Supp. of Mot. to Dismiss 6, ECF No. 111-1. In grievance No. 154071, Plaintiff alleged that prison staff and medical personnel failed to protect him and failed to render adequate medical care during and after the July 16, 2013 assault. *Id.* Grievance No. 154071 was denied by the Warden after finding that all prison personnel acted appropriately. *Id.* Plaintiff appealed the denial. *Id.* On October 7, 2013, Plaintiff's appeal was denied for his failure to follow the grievance procedure. *Id.* In grievance No. 155339, Plaintiff alleged that he was being denied proper care and treatment for continuing pain in his ankle. Grievance No. 155339 was denied on August 28, 2013. *Id.* Plaintiff filed an appeal of the denial. The appeal was denied on October 8, 2013.

Plaintiff filed his complaint on August 20, 2013. Based on this timeline, it is clear that Plaintiff failed to exhaust prior to filing. *Id.* at 5-7; *see*, *e.g.*, *Williams v. Barrow*, 559 F. App'x 979, 987 (11th Cir. 2014) (explaining that the plaintiff did not properly exhaust administrative remedies even though he submitted his grievance appeal form before filing suit because "the appeal was not denied until November 16, 2011, which was after Williams had filed his complaint in the district court"); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (holding "the term 'brought'—as used in section 1997e(a)—to mean

the filing or commencement of a lawsuit.") (internal quotations and citations omitted).

At the first step of the exhaustion analysis, the Court looks to the Defendants' contentions and Plaintiff's response to see if they factually conflict. There is no factual conflict here. Plaintiff's grievance no. 154071 was not denied on appeal until October 7, 2013 and Plaintiff's grievance no. 155339 was not denied on appeal until October 8, 2013. The grievance procedure was not exhausted before Plaintiff filed this action on August 20, 2013. Defendant's motion should be granted.

## **CONCLUSION**

For the reasons explained above, it is recommended that Defendant Carter's motion to dismiss (ECF No. 111) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of

justice."

SO RECOMMENDED, this 23rd day of November, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE